*Doe on demise* of ASHFORD GAINEY and wife *v.* DEMPSEY HAYS.

The declarations of a grantor made previous to the execution of a deed are inadmissible to control or explain the meaning of language used in such deed.

(*Patton* v. *Alexander*, 7 Jon. 603, cited and approved.)

EJECTMENT, tried before *Buxton, J.,* at Spring Term 1869, of the Superior Court of CUMBERLAND.

The land in dispute consisted of about six acres, and was included between two roads or sections of roads, both leading from "Smith's ferry to Bass's ferry."   The deed of the lessor of the plaintiff called for "the main road from Smith's ferry to Bass's ferry on Neuse," as one of its boundary lines.   The question submitted to the jury was the proper location of this line.   The defendant introduced one Whitfield Wood, who testified that the grantor in the deed under which the plaintiff's lessor claimed, told him eleven days before the execution of the deed, that "he intended to make Ashford Gainey a deed giving him all of the land north of the thoroughfare" (which was the line contended for by the defendant.)   To the admission of this evidence the plaintiff excepted.

Verdict for the defendant; Rule for a new trial for error in the admission of the testimony objected to; Rule discharged; Judgment and Appeal.

*Strange,* for the appellants.

*N. McKay, contra.*

DICK, J. The question of difficulty in this case, is the proper location of the boundary line described in the deed of the lessor of the plaintiff as "the main road from Smith's ferry to Bass's ferry on Neuse." The termini of said boundary line are agreed upon by the parties, and it is unnecessary for this Court to express any opinion on that question. There are two roads running between said termini, and it is a question for the jury, to determine which road fits the description of said deed. The deed must speak for itself, and parol evidence is inadmissible to show the intention of the grantor by his declarations made previous to the execution of said deed.

His Honor in the Court below erred in admitting the testimony of the witness Whitfield Wood, as to the declarations of the grantor made eleven days before the execution of the said deed as to the boundary line in controversy. *Patton* v. *Alexander*, 7 Jon. 603.

For this error there must be a *venire de novo.* Let this be certified.

PER CURIAM.                                      *Venire de novo.*